## Second Department, February, 1966

### (February 7, 1966)

■ Cord Meyer Development Company, Respondent, v. Coakley & Booth, Inc., Appellant.— In an action to recover damages for injury to property, defendant appeals from an order of the Supreme Court, Queens County, entered August 31, 1965, which denied its motion to vacate a preference theretofore granted to plaintiff by the Calendar Clerk of Trial Term, Part I, of said court under its rule VI. Order reversed, with $10 costs and disbursements, and motion granted. The complaint alleges: (1) that defendant, in the course of performing certain building construction work pursuant to an agreement with plaintiff, negligently drove three beams into a city sewer; (2) that plaintiff, in order to protect its property, undertook the repair of the sewer and (3) that plaintiff was free of contributory negligence. The complaint seeks recovery for injury to plaintiff's property and for expenses incurred in effecting the repair of the sewer. In our opinion, plaintiff was not entitled to the preference, because the action is one to recover damages based on negligence (*Mildener* v. *United Ind. Bank*, 10 A D 2d 976; cf. *Antoni Ravioli & Baking Co.* v. *Freeze Foods*, 1 A D 2d 953). Although the negligence charged arose out of a commercial or business transaction, that adds nothing to plaintiff's claim for a preference (Queens County Supreme Court Rules, rule VI, subds. [b], [e]). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ In the Matter of the Estate of Joseph Garofolo, Deceased. David M. Kahn, Appellant; Estate of Joseph Garofolo, Respondent.— In a proceeding to settle the account of the administratrix c. t. a. of the last will and testament of Joseph Garofolo, deceased, the attorney for the estate of John Garofolo, deceased, appeals from: (1) a decision of the Surrogate's Court, Westchester County, dated March 19, 1965 which denied him a counsel fee from the estate of Joseph Garofolo, deceased, for services rendered by him in the sale of real property owned as tenants in common by the two estates; and (2) an order of said court entered June 13, 1965 which: (a) denied his motion for reargument; (b) held that the court failed to find any actual or implied authority for appellant to have acted on behalf of the estate of Joseph Garofolo so as to exact a fee; (c) directed him to return to that estate the sum of $500 which he had been holding; and (d) dismissed his alleged lien for that amount. Apparently no order other than this was entered on the court's decisions. Appeal from decision dated March 19, 1965 and from so much of the order as denied the motion for reargument of said decision dismissed, without costs. No appeal lies from a decision or from an order denying a motion for reargument. Order in all other respects affirmed, without costs (cf. *Matter of Loomis*, 273 N. Y. 76; *Raphael* v. *New York State Realty & Term. Co.*, 291 N. Y. 549). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.