■ MIDDLE ISLAND DRYWALL SUPPLY, INC., Plaintiff, v KAUFMAN & BROAD HOMES OF LONG ISLAND, INC., Appellant, and GULF PAINTING AND SHEETROCK CORP., Respondent. (Action No. 1.) GIANT SUPPLY CORP.,Plaintiff, v KAUFMAN & BROAD HOMES OF LONG ISLAND, INC., Appellant, and GULF PAINTING AND SHEETROCK CORP., Respondent. (Action No. 2.)—Appeal by defendant Kaufman & Broad Homes of Long Island, Inc., from an order of the Supreme Court, Suffolk County, dated August 21, 1979, which denied its renewed motion to vacate commercial trial preferences for two actions, granted upon application of defendant Gulf Painting and Sheetrock Corp. Order reversed, with $50 costs and disbursements, and motion to vacate the preferences granted. In these two actions by materialmen against the fee owner and a subcontractor of two condominium projects under construction, the subcontractor, codefendant Gulf, has cross-claimed against the fee owner, defendant Kaufman & Broad. One of the causes of action in each cross claim sounds in tort for fraud. The issue here is Gulf's right to a commercial trial preference. Gulf contends, and Special Term agreed, that it had a right to claim a commercial trial preference on behalf of the plaintiffs in both actions by virtue of the language in subdivision (a) of section 790.4 of the Suffolk County Supreme Court Rules of Practice (22 NYCRR 790.4 [a]), which states that a preference may be granted "Upon application by any party". We believe, however, that 22 NYCRR 790.4 (a) must be read in conjunction with, and is limited by, the language of 22 NYCRR 790.4 (c) which states in pertinent part: "If any party pleads a counterclaim or cross complaint which is not entitled to a preference under these rules, such counterclaim or cross complaint shall not affect the *adverse party's* right to a preference *if he is* otherwise entitled to it" (emphasis supplied). Clearly, then, the wording of the section must be read to limit the availability of a trial preference to the party which has not, because of its pleading of a nonpreferred cause of action, barred itself from claiming a trial preference.

We also reject Gulf's contention that it is the nature of the underlying transaction which controls the granting of the preference, independent of the individual theories pleaded (see *Cord Meyer Dev. Co. v Coakley & Booth,* 25 AD2d 524; *Quigg v Neugass & Co.,* 247 App Div 899). Finally, we note that the plaintiffs, whose respective cases would have received a trial preference, did not appear on the motion and thus did not object to vacatur of the preferences. Accordingly, the order must be reversed and the renewed motion to vacate granted. Lazer, J. P., Gibbons, Gulotta and Margett, JJ., concur.