Bergan, J.
 

 This appeal by the United States brings up a somewhat different aspect of the right of a government to make claim for unpaid taxes as a statutory beneficiary .of trust funds under article 3-A of the Lien Law from that considered in
 
 Onondaga Commercial Dry Wall Corp.
 
 v.
 
 150 Clinton St.
 
 (25 N Y 2d 106), decided herewith.
 

 In that case the issue turned on the availability to trust beneficiaries of a deposit paid into court as a substitute for the real property in a lien foreclosure action. In this case the issue presented is the right of a trust beneficiary, who has no lien, to assert a claim in an action brought by an article 3-A trustee seeking a proper distribution among statutory trust beneficiaries of the fund held by the trustee.
 

 The controversy, as it reaches this court, is concerned only with the rights of the United States in the trust fund. To understand the problem, it is necessary to follow something of the procedural course that has been pursued.
 

 A. Friederich & Sons Company was the general contractor for the construction of an apartment at Ithaca for Fairview Associates. Colorcraft of Syracuse, Inc. was a flooring subcontractor. Harry B. Harman furnished flooring material to Colorcraft.
 

 Not having been paid in full, Harman filed a mechanic’s lien and commenced an action to foreclose it, which in this record
 
 *104
 
 is described as action No. 1. He made the owner, the contractor Friederich, the subcontractor Colorcraft, and an insurance company defendants. This was in 1965.
 

 In 1967 the contractor Friederich Company commenced an action under section 77 of the Lien Law asking that it be
 
 “
 
 declared Trustee of the sum of $5,532.68
 
 ”,
 
 which is the balance owed by the owner and which has been paid. This is described in the record as action No. 2.
 

 Friederich’s complaint described the Harman lien, a lien by Colorcraft, claims for taxes by the United States and by the Industrial -Commissioner of the State of New York, and other claims. The relief asked was that the court “ take such proceedings as are necessary to distribute such trust funds among the parties and persons entitled thereto and that plaintiff be finally discharged of said trust ’ ’.
 

 This, then, is clearly an action by a trustee “ for final settlement of his accounts and for his discharge ’ ’ within subdivision 2 .of section 77 of the Lien Law and it is expressly excepted from the rule that an action by a trust beneficiary must be commenced within one year after the completion of the improvement which in this case was in August, 1965.
 

 Since the action by the trustee was timely, and the trustee itself sought adjudication of rights to the fund, parties who have .such rights may assert them even though the time for independent action on their part would otherwise have expired. Although respondent Harm-an suggests the rule is otherwise, neither the Special Term nor the Appellate Division held the claims barred by the time limit stated in subdivision 2 of section 77.
 

 Plaintiff Friederich in the trust action moved at Special Term to consolidate it with the foreclosure action in which Harman was plaintiff. This motion was granted and not the subject of appeal. Harman cross-moved for summary judgment against the United ¡States and the State Industrial -Commissioner, and in the alternative for a dismissal of the tax claims on the ground they were barred by the Statute of Limitations.'
 

 The Special Term denied this relief. The Appellate Division modified the order by
 
 “
 
 dismissing the complaint as against the defendant United States of America ”, The parties read
 
 *105
 
 this as a ruling that the United States may not assert in this action by the trustee a claim for taxes as trust beneficiary, and the opinion at the Appellate Division is consistent with this interpretation.
 

 The ground for the Appellate Division’s ruling, as expressed in the opinion, is that the United States failed to file its tax liens in the proper county where the real property subject of improvement is located. (Lien Law, § 240;
 
 Andrello
 
 v.
 
 Nationwide Mut. Ins. Co.,
 
 29 A D 2d 489.) But an article 3-A trust beneficiary does not have to have a lien or be a lienor. He becomes a beneficiary of a trust when one comes into being by virtue of a status created by law.
 

 The statute setting up the trust status expressly provides that persons coming within its definitions are “ beneficiaries of the trust ” and this results
 
 ‘ ‘
 
 whether or not they have filed or had the right to file a notice of lien ” (§71, subd. 4), language which Judge Fttld stressed in
 
 Aquilino
 
 v.
 
 United States of America
 
 (10 N Y 2d 271, 277). That case turned on another issue, but its treatment of the scope of the 1942 statute adding article 3-A to the Lien Law is instructive in this present .case. (See, also,
 
 American Blower Corp.
 
 v.
 
 James Talcott, Inc.,
 
 10 N Y 2d 282;
 
 Ciavarella
 
 v.
 
 People,
 
 16 A D 2d 291;
 
 Wade
 
 v.
 
 Nassau Suffolk Lbr. & Supply Corp.,
 
 275 App. Div. 864.)
 

 The parties entitled to this beneficial status are expressly enumerated. The “trust assets” for which a contractor is trustee “ shall be * * * applied for ” expenditures “ arising out of the improvement of real property ” in an enumerated list, one of which is “ (c) payment of taxes and unemployment insurance and other contributions due by reason of the employment out of which such claims arose ” (§ 71, subd. 2, par. [c]). Since the existence of the trust fund is asserted by the trustee which has brought the action for adjudication of rights to it, no statutory bar, either by time limit or lack of status, is apparent to an assertion by the United ¡States of its tax claims arising from the work which created the trust fund.
 

 Respondent Harman makes the assertion in its present brief that “ There is nothing in the record to show the Court the type of tax for which the United .States lien is claimed, the taxable period for which the Government lien is claimed, the
 
 *106
 
 amount for which said lien is claimed and that the claimed liens arose directly from the construction of the apartment project in question ’ \
 

 There is, however, an affidavit in the record, sworn to by an Assistant United States Attorney in opposition to the Harman cross motion for summary judgment, which states on information and belief there are withholding and social security taxes due from 'Colorcraft for the second quarter of 1964 and "being held by A. Friederich
 
 &
 
 Sons Company, as Trustee ” arising out of the work performed in the construction here involved and stating the sum due. Thus, the record presented facts which warranted the denial of summary judgment by the court at Special Term.
 

 The order .should be reversed with costs and the order of Special Term reinstated.
 

 Chief Judge Fuld and Judges Burke, Soileppi, Breitel and Jasen concur.
 

 Order reversed, etc.