Arnold L. Fein, J.
Motions under calendar numbers 51 and 246 of September 15, 1970 are considered and disposed of together.
Defendant Meadowbrook National Bank (Meadowbrook) moves (No. 51) pursuant to paragraph 5 of subdivision (a) of CPLB 3211 to dismiss the complaint upon the ground that the action is barred by the Statute of Limitations.
Defendant Century National Bank and Trust Company (Century) moves (No. 246) to dismiss the complaint upon the grounds that: (1) plaintiff is not the real party in interest; (2) the action is barred by the Statute of Limitations, or, in the alternative, for an order granting an examination before trial of certain parties and nonparty witnesses to enable Century to frame an answer.
*191 The complaint pleads a single cause of action for diversion of trust moneys under article 3-A of the Lien Law, alleging in substance that moneys paid to defendant Fulcrum, a subcontractor, enagaged in the construction of Two Pennsylvania Plaza (Madison Square Garden), were wrongfully applied to repayment of loans made by defendant banks to Fulcrum, instead of to Fulcrum’s suppliers and materialmen.
Despite semantic arguments as to its status, it is palpable that defendant Fulcrum was discharged on or about August 7, 1967, prior to the completion of its subcontract to do certain work at the premises. On November 21, 1968, plaintiff commenced this action on behalf of itself and other creditors for diversion of trust funds. Defendants contend that since the action was comemnced more than one year after the discharge of Fulcrum, plaintiffs are barred under subdivision 2 of section 77 of the Lien Law, which provides: “No such action shall be maintainable if commenced more than one year after the completion of such improvement ’ ’.
Defendants’ argument that the one-year limitation begins to run upon discharge of a contractor for alleged failure to perform would subvert the purpose of the statute. Fulcrum was discharged prior to the completion of the work it agreed to perform and prior to the completion of the entire project. It therefore never completed even its portion of the improvement.
“ The policy proclaimed by our statute is to protect those whose skill, labor and materials made possible the performance of a construction contract and who in fact, creating the improvement, actually gave rise to the owner’s obligation to pay. The Legislature sought to assure that the funds received from an owner should 6 reach [their] ultimate destination — material and labor’”. (Aquilino v. United States of America, 10 N Y 2d 271, 278-279.) Thus article 3-A of the Lien Law was designed to create trust funds to assure payment of subcontractors, architects, engineers, surveyors, laborers and materialmen. (Lien Law, §§ 70, 71; Caristo Constr. Corp. v. Diners Fin. Corp., 21 N Y 2d 507, 512-514.) Obviously their respective rights to the trust funds cannot be fully ascertained until completion of the entire improvement. (Wynkoop v. Mintz, 17 Misc 2d 1093.) Even if it be assumed that ‘ ‘ completion of the improvement ’ ’ means completion of the subcontractor’s work, this is of no avail to these defendants. Fulcrum never completed its work. Its protected creditors should not be in a worse position than those of a performing contractor. A Statute of Limitations should not be narrowly construed against beneficiaries of a trust.
*192 Defendants’ motions to dismiss grounded on the Statute of Limitations are denied.
Century’s motion to dismiss on the grounds that Tishman Realty and Construction Co., Inc. (Tishman) is an indispensable party because it assumed liability for the payment of Fulcrum’s suppliers and is holding and controls or has controlled moneys owing to Fulcrum is equally untenable. Such allegations, even if true, are not dispositive on the issue of defendants’ alleged diversion of trust funds. In this connection it is significant that defendant banks apparently did not file a “ Notice of Lending”, under section 73 of the Lien Law. Moreover although paragraph 10 of subdivision (a) of CPLR 3211 permits dismissal when it is shown that a person indispensable to the action has not been made a party, it has not been shown that Tishman is not subject to the jurisdiction of this court. Upon a proper showing, defendants may if so advised, proceed, under subdivision (a) of CPLR 1001, to join Tishman as a party.
Century’s further application to dismiss upon the ground that plaintiffs are not the real parties in interest, and lack capacity to sue is also denied. This application is grounded on Century’s contention that Tishman is the real party in interest. Whatever Tishman’s interest, obligation or liability may be does not clearly appear. However, it is not disputed that plaintiffs are creditors of Fulcrum. Consequently they may sue to recover moneys belonging to Fulcrum allegedly diverted by the defendants. Moreover, they are not only suing on their own behalf but on behalf of all creditors. (Lien Law, § 77.)
Century’s motion for an order granting oral depositions to enable Century to frame an answer is likewise denied. Defendant has not shown the requisite special circumstances warranting the granting of such relief. It is palpable from its own papers that it is in a position to answer the complaint.
Accordingly defendants’ motions are all denied. It appears that Meadowbrook has answered. Century is directed to serve an answer within 20 days after service of a copy of this order with notice of entry.