435 F.2d 556
 The FLINTKOTE COMPANY, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
UNITED STATES of America et al., Third-Party Plaintiffs-Appellees,
v.
GATEWAY CONSTRUCTION CORPORATION and Westchester Wallboard Corporation, Third-Party Defendants, and
The Flintkote Company, Third-Party Defendant-Appellant.
 No. 321.
 Docket 34895.
 United States Court of Appeals, Second Circuit.
 Argued December 10, 1970.
 Decided January 4, 1971.
 
 Appeal from a summary judgment in favor of the United States granting recovery of $8,571.07 on claims for unpaid taxes, entered in the Southern District of New York, Marvin E. Frankel, J., pursuant to a decision on a prior motion, Walter R. Mansfield, J.
 Sidney S. Bobbé, New York City (Herbert G. Kreisberg, New York City on the brief), for appellant.
 David M. Brodsky, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., for Southern District of New York, and Michael I. Saltzman, Asst. U. S. Atty., on the brief), for defendant-appellee, third-party plaintiffs-appellees.
 Before LUMBARD, Chief Judge, FEINBERG, Circuit Judge and CLARIE, District Judge.*
 PER CURIAM:
 
 
 1
 Flintkote commenced this action against the United States in New York State Supreme Court seeking a declaratory judgment that certain tax liens asserted against Westchester Wallboard Corporation did not apply to monies owed by Gateway Construction Corporation to Flintkote. The government removed the action to the Southern District of New York. The United States by way of counterclaim sought to set aside payments made by Gateway to Flintkote on the ground that these payments were diversions of trust assets, to compel an accounting by Gateway, and to impose a trust under New York Lien Law, McKinney's Consol.Laws, c. 33, §§ 70-79a.
 
 
 2
 On February 18, 1969, in an opinion reported at 47 F.R.D. 322, Judge Mansfield denied Flintkote's motion for summary judgment, holding that the one-year period of limitations contained in § 77(2) of the Lien Law does not bar the government's action.[1] With this issue decided, and other facts stipulated, when the government moved for summary judgment, Judge Frankel granted the motion in an unreported opinion dated January 12, 1970. We affirm.
 
 
 3
 The relevant facts are as follows: On May 4, 1964, Gateway, a general contractor building an apartment house in Yonkers, subcontracted some installation work to Westchester. Flintkote entered into an agreement with Westchester to finance its payroll and materiats needs. Simultaneously, Westchester assigned to Flintkote all of its rights under the contract, and Gateway agreed to this assignment. Flintkote, upon receipt of payments from Gateway, was to apply them to Westchester's account and remit any excess to Westchester.
 
 
 4
 Westchester failed to make payments to the government for certain payroll taxes generated by the Gateway project, and the government made tax assessments against Westchester. Work on the improvement was completed in 1964. Westchester subsequently became insolvent. Although Flintkote had performed its agreement, it did not receive full payment from Gateway. On March 31, 1967, Flintkote and Gateway settled their differences, Gateway agreeing to pay $30,000, of which $10,000 would be held in escrow until the rights of the United States under its tax liens could be determined. Flintkote then commenced the present action.
 
 
 5
 For the reasons stated in Judge Mansfield's opinion, 47 F.R.D. 322, we affirm. We also agree with Judge Frankel's unreported memorandum holding that dicta in two New York Court of Appeals cases decided subsequent to Judge Mansfield's opinion do not undercut the force of his reasoning. These two cases are Harman v. Fairview Associates, 25 N.Y.2d 101, 302 N.Y.S.2d 791, 250 N.E.2d 209 (1969), and Onondaga Commercial Dry Wall Corp. v. 150 Clinton Street, Inc., 25 N.Y.2d 106, 302 N.Y.S.2d 795, 250 N.E.2d 211 (1969). We find no indication that the Court of Appeals considered the issue here presented in those cases.
 
 
 6
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Sitting by designation
 
 
 [1]
 Section 77(2) provides:
 "Such action [to enforce trust] may be maintained at any time during the improvement and successive actions may be maintained from time to time during the improvement provided no other such action is pending at the time of the commencement thereof. No such action shall be maintainable if commenced more than one year after the completion of such improvement, except an action by the trustee for final settlement of his accounts and for his discharge."