Bertram Harnett, J.
Examine this issue of apparent first judicial impression. Actions to enforce a trust under article 3-A of the Lien Law must he commenced within one year after completion of an improvement. Does the same apply to abandonment of an improvement?
Here, complaining creditors of a builder seek to recover such trust funds. The defending parties seek to dismiss their complaint under CPLB 3211 (subd. [a], par. 5), claiming that the one-year Statute of Limitations set forth in subdivision 2 of section 77 of article 3-A of the Lien Law bars the action. This provision, in its second sentence, provides that: “ no such action shall he maintainable if commenced more than one year after the completion of such improvement ”. The plaintiffs argue, in response, that the one-year limitation period applies only to completion of improvements and not to their abandonment.
*988 The court will deny the motion to dismiss, on both of two accounts. First, the court does not believe that the short limitation of subdivision 2 of section 77 applies to an “abandonment” as opposed to a “completion” of an improvement. Second, even were the court to construe “ abandonment ” to be synonymous with “ completion ”, summary judgment would be premature because there would have to be a trial of the issues of fact as to the scope of improvement, whether there was sever-ability of the project to enable characterization of completion, the time of any abandonment, and the time plaintiffs could be fairly charged with notice of the so-called abandonment.
In 1968, Winston Woods at Dix Hills, Inc. (Woods) and other associated corporations and individuals began a project to build 84 single-family homes in Dix Hills, New York. Only 48 were actually built and sold. In or around October, 1970, all building operations stopped. Several houses went into foreclosure in or about October, 1971. In November, 1971, a number of Woods’ creditors brought this action for claimed diversion of trust funds.
The word “ abandonment” is not used in subdivision 2 of section 77. The plain wording includes completion and omits abandonment. In general, omissions in a statute cannot be supplied by construction. (See McKinney’s Cons. Laws of N. Y;, Book 1, Statutes, § 363.) The calculation of the omission is reinforced by subdivisions 4 and 5 of section 77, both of which specifically refer to “ completion or abandonment ” in varying contexts. Indeed, subdivision 4 refers to “ completion or abandonment of the improvement ” and in subdivision 5, there is a distinction between consequences after “ the completion or abandonment of the performance of the contract ” as compared with before “ the completion of the improvement”. Whatever the Legislature had in mind, it manifestly dealt in sophisticated conceptual terms with both completion and abandonment.
It may be argued that the omission of the word abandonment from subdivision 2 was a legislative error. However, it may also be argued, and with more force and reason, that since abandonment is an ephemeral act, with an offended party having no visible beginning observation point, the general rule should not admit of the one-year cutoff applicable to completions, which, after all, are much more readily observable or ascertainable. Significantly, the plaintiffs here brought their action shortly after knowledge of the abandonment and in reasonable sequence with the progression of events.
*989 The one-year period in which actions must be brought to enforce the trust was imposed as ‘ ‘ a means of enabling the trustee to ascertain claims for purpose of distributing the fund”. (Flinkote Co. v. United States, 47 F. R. D. 322, 326, affd. 435 F. 2d 566 [2d Cir., 1971]; cf. Forest Elec. Corp. v. Century Nat. Bank & Trust Co., 70 Misc 2d 190.) It ‘ ‘ protect [s] those having claims upon funds generated by work in connection with an improvement of real property in New York.” (Flinkote v. United States, supra, p. 325).
Defendants argue that if the one-year statute dealing with completion is not applicable, then there is no Statute of Limitations dealing with abandonment, and, it is unfair for the trustee’s liability to pend forever. However, the defendants fail to take into account CPLB 213 which limits to six years the time for commencement of actions for which no limitation is specifically prescribed.
No legislative history has been cited by the parties. While section 77 was originally recommended by the Law Bevision Commission, no authority appears to the court which justifies varying the plain meaning of the statute. Article 3-A of the Lien Law is essentially a statutory concoction, related to the traditional fiduciary notions of the common law only by legislative fiat, and even then only largely semantically. Where there is a reasonable and apparent construction consistent with the statute, the court must follow that, leaving revision to the Legislature.
Moreover, on a motion to dismiss, the facts must be taken at their maximum reasonable favorability to the party resisting the motion. (Kober v. Kober, 16 N Y 2d 191.) Here, doubt exists in the court’s view as to what constitutes the total improvement and when it was abandoned. The court would not in any event be satisfied with the factual record as to beginning measurement point even if abandonment were to be made synonymous with completion. Indeed, there is no accurate way of sifting defendants ’ argument that the project was severable and completed in severable portions. No contracts or relating documents between the parties are included in the papers, and the scope of the various undertakings as related to the entire project is not sufficiently clear.
Finally, the court does not believe that the simple initial act of abandonment can start a limiting statute. There must be some reasonable period for those adversely affected to become informed of the abandonment, since it is first a subjective thing, formed in the mind of the abandoning party. The first manifesta *990 tion of abandonment may be simply in action, and, objectively, another party may be hard pressed to distinguish the inactivity from delay or postponement. An objective clearly ascertainable point of limitation period commencement is consistent with the underlying purposes of article 3-A of the Lien Law which was enacted to create a special remedy that imposes a fiduciary responsibility upon a building entrepreneuer who receives money toward work being done by others. It is intended to insure that money paid toward the improvement is equitably shared by those entitled to be paid. (Flinkote v. United States, 47 F. R. D. 322, affd. 435 F. 2d 566, sufra.)
Accordingly, this court finds that the one-year Statute of Limitations of subdivision 2 of section 77 is not applicable to abandonment of improvements. Even if it were applicable, there would have to be a trial here of the issues of fact, including the scope of the improvement intended as related to the particular parties, the severability of the improvement, the time of abandonment, and the notice of that abandonment to the plaintiffs. The issues of fact will be determined in extent and sequence in the sole discretion of the Justice presiding at the ensuing trial.