THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent, v. THE K. L. F. REALTY Co., INC., Appellant, and Others, Defendants. (Action No. 5.) Appeal from an order granting plaintiff's motion made pursuant to rule 113 of the Rules of Civil Practice, striking out the answer as insufficient and directing entry of judgment by plaintiff. Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, on authority of *Prudential Ins. Co. of America* v. *K. L. F. Realty Co., Inc.* (*ante*, p. 898), decided herewith. Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ABBOTT D. GRANGER, Respondent.— Defendant was indicted for a violation of section 25-a of the Lien Law, which provides that funds received by a contractor for a public improvement may constitute trust funds in his hands which he must first apply to the payment of certain persons therein indicated, and that a contractor who applies such funds for any other purpose and fails to pay the claims of those therein named, is guilty of larceny and punishable under section 1302 of the Penal Law. Defendant entered into a contract with the State for a public improvement on April 22, 1932. Section 25-a of the Lien Law became effective July 1, 1932. The first payment received by the contractor was on August 25, 1932. The trial court held that the law was not retroactive and could not affect a contract made prior to its enactment, even though there was a payment thereunder made after the enactment of the law. Order of the County Court of Kings county dismissing indictment affirmed. Lazansky, P. J., Young, Davis, Johnston and Adel, JJ., concur.

EDWARD C. QUIGG, Respondent, v. L. NEUGASS & Co., INC., Appellant.— Order granting plaintiff's motion for a preference reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The order granted a preference on the ground that the action was on contract " within the purview of Rule 6 of the Rules of the Supreme Court, Kings County." That rule states, in part, that " any action on contract * * * may be advanced to any Day Calendar." Although it grows out of a contractual relationship, this action is not laid in contract. The parties made an agreement, several times renewed, pursuant to the provisions of which the plaintiff, for services rendered, should receive a percentage of the net profits of defendant's business. In the payment of that percentage, the complaint specifically alleges fraud and deceit. It states that defendant represented the amounts paid to be justly due to the plaintiff; that the representations were false; that defendant knew them to be false; that they were made with the intention of defrauding plaintiff; that plaintiff believed them to be true; that he relied upon them, and that he was defrauded. The action is clearly one for fraud and deceit and it does not come within the purview of rule 6. Lazansky, P. J., Young, Davis, Johnston and Adel, JJ., concur.