Per Curiam.
 

 We recognize that there are similarities between abandonment and completion of improvements which fall within the ambit of article 3-A of the Lien Law and that one might expect in the careful specification of that article to find explicit provision as to applicable periods of limitations for all situations. Nonetheless we, too, conclude that the one-year Statute of Limitations of subdivision 2 of section 77 is not applicable where there is abandonment rather than completion of the improvement. We note the difference in diction between subdivisions 4 arid 5 -of that section in which provision is made for both
 
 “
 
 completion or abandonment ” and subdivision 2 in which the reference is to
 
 "
 
 completion ” only. We observe, too, that in :a practical sense there is -a real distinction between completion of an improvement (where the focus of attention is a single stage of progress) and abandonment (where the focus may well be diffused in the light of possibility that construction may have been or may ¡be resumed); the element of finality which characterizes completion is not necessarily to be .found in activities believed by one party or another to constitute abandonment.
 

 We also agree that there are here presented issues of fact which in any event preclude granting the present motion addressed to the pleadings.
 

 Accordingly the order of the Appellate Division should be affirmed.
 

 
 *681
 
 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in
 
 Per Curiam
 
 opinion.
 

 Order affirmed, with costs. Question certified answered in the affirmative.