■ M. GOLD & SON, INC., on Behalf of Itself and All Other Persons Similarly Situated, Respondent, v NATIONAL COMMERCIAL BANK AND TRUST COMPANY, Appellant, et al., Defendants.—Appeal from an order of the Supreme Court at Special Term, entered March 4, 1977 in Albany County, which confirmed plaintiff's action as a class action and denied defendant bank's motion for summary judgment. Plaintiff commenced this action to impress and enforce a trust pursuant to article 3-A of the Lien Law on November 5, 1976 after its action seeking the same relief in the United States District Court had been dismissed on May 12, 1976 for lack of subject matter jurisdiction. Within 60 days of commencing this action, plaintiff moved pursuant to CPLR 902 to confirm the action as a class action, and defendant bank opposed this motion and cross-moved for summary judgment dismissing the complaint on the ground that it was barred by the one-year time limitation for bringing the action contained in subdivision 2 of section 77 of the Lien Law. Holding that CPLR 205 (subd [a]) was applicable to this case so as to give plaintiff the benefit of the six-month extension for the bringing of an action provided therein, Special Term concluded that the present action was timely and denied the bank's motion to dismiss. It also confirmed the action as a class action, and the bank now appeals. Considering initially the question of whether or not the six-month extension of CPLR 205 (subd [a]) is applicable to a cause of action brought pursuant to section 77 of the Lien Law so as to render plaintiff's action timely, we agree with Special Term that it is. Even the bank concedes that the Lien Law should be liberally interpreted and applied so as to secure the beneficial interests and purposes thereof (see Lien Law, § 23), and while it argues strenuously that the one-year period set forth in subdivision 2 of section 77 thereof is not a Statute of Limitations to which the subject six-month extension would apply, but rather a condition qualifying plaintiff's right to bring the present action, the fact remains that the Court of Appeals has expressly labeled the one-year period as a "Statute of Limitations" (*Putnins Contr. Corp. v Winston Woods at Dix Hills,* 36 NY2d 679). Moreover, this court has already indicated that the benefits of CPLR 205 (subd [a]) should apply to an action,

such as this one, to impress a trust *(Utica Sheet Metal Corp. v Myers-Laine Corp.,* 45 AD2d 116), and we see no reason to depart from our earlier conclusion. As for the court's confirmation of plaintiff's action as a class action, this should likewise be sustained. In so ruling, while we agree with Special Term that this action must be maintained as a class action *(Scriven v Maple Knoll Apts.,* 46 AD2d 210), we do not believe that, as a result, the court may ignore the provisions of CPLR 901 in determining whether or not to allow the action to continue. Nonetheless, in this instance, it is our view that the present record adequately establishes that the statutory prerequisites to a class action set forth in CPLR 901 have been met and that the order allowing the action to continue under CPLR 902 was properly entered. Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Main, JJ., concur.