■ CRANESVILLE BLOCK COMPANY, INC., et al., Respondents, v VINCENT CRISAFULLI, et al., Appellants, et al., Defendant.— Mikoll, J. Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered December 7, 1984 in Albany County, which, *inter alia,* granted plaintiffs' motion for class-action status and denied a cross motion by defendants Vincent Crisafulli and Crisafulli Brothers, Inc. to dismiss plaintiffs' complaint or, alternatively, to direct its consolidation with other pending litigation.

Plaintiffs commenced the instant action in a representative capacity pursuant to Lien Law article 3-A seeking to enforce a trust on moneys paid to defendant Vincent Crisafulli, which were turned over by him to defendant Crisafulli Brothers, Inc. and to recover damages for breach of a third-party beneficiary contract. Plaintiffs moved for class-action certification pursuant to CPLR 902 and Lien Law § 77 on behalf of themselves and other subcontractors who worked on the construction of a warehouse and office facility for Guenther Contracting Company, Inc. (Guenther). The contract between Guenther and defendants Vincent Crisafulli and Crisafulli Brothers, Inc. (hereinafter the Crisafullis) provided for a labor and material payment bond and a performance bond. The Crisafullis applied for and obtained a $500,000 loan for the project from the City of Albany Industrial Development Agency. Payments for project expenses, including loan funds, were made from Crisafulli Brothers, Inc.'s business checking account.

In June 1983, Guenther ceased work on the project and, in July, Guenther was adjudicated bankrupt. Plaintiffs filed mechanics' liens against the project for unpaid work. In August 1983, three of the plaintiffs, Electric City Concrete Company, Inc., Cranesville Block Company, Inc. and D & N Acoustical Corporation, and two of the proposed class members, commenced mechanics' lien foreclosure actions in Supreme Court against, among others, the Crisafullis. These actions are still

pending. The Crisafullis cross-moved for dismissal of the instant action or, alternatively, consolidation of the action with the mechanics' lien foreclosure actions pending in Supreme Court. Special Term granted plaintiffs' motion for class-action status and denied the Crisafullis' cross motion in its entirety.

Plaintiffs' representative cause of action raises the question as to whether there exists trust funds remaining within defendants' possession for distribution to the statutory beneficiaries and whether plaintiffs are third-party beneficiaries of the contract provisions, which mandated that a labor and material payment bond be furnished for the project.

The Crisafullis contend that Special Term abused its discretion by granting plaintiffs class-action standing in that the criteria set out in CPLR 901 were not met. It is our view that the present record adequately establishes that the statutory prerequisites to a class action have been met (see, Gold & Sons v National Commercial Bank & Trust Co., 63 AD2d 786). It is apparent that plaintiffs share common questions of fact and law, that there are presently 10 known beneficiaries of the class, that plaintiffs, as the largest beneficiary claimants, are in a unique position to adequately represent the interests of all class members and that no other Lien Law article 3-A action is pending. In addition, all parties and facts underlying the lawsuit are within Special Term's jurisdiction and, finally, the action involves a limited trust and is easily manageable by the court.

Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.