In re Mark A. GOULD, d/b/a Gould's Construction, Debtor.

Clarence DAWLEY, Plaintiff,

v.

Mark A. GOULD, d/b/a Gould's Construction, Defendant.

Bankruptcy No. 86–00012.
Adv. No. 86–0043.

United States Bankruptcy Court,
N.D. New York.

Aug. 15, 1986.

Mitchell, Mitchell & Palmer, Oswego, N.Y., for plaintiff; Richard B. Palmer, of counsel.

James F. Selbach, P.C., Syracuse, N.Y., for debtor/defendant.

### MEMORANDUM–DECISION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

STEPHEN D. GERLING, Bankruptcy Judge.

Plaintiff Clarence Dawley ("Dawley") commenced his adversary proceeding against Debtor, Mark A. Gould, d/b/a Gould's Construction ("Gould"), objecting to the dischargeability of a certain obligation pursuant to 11 U.S.C. § 523(a)(2) and § 523(a)(4) ("Code"). Thereafter, Daw-ley moved for summary judgment pursuant to Federal Rule of Bankruptcy Procedure 7056 ("FRBP") on that part of his complaint based on Code § 523(a)(4). The Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(I) and 1334, with the following promulgated pursuant to FRBP 7056, incorporating Federal Rule of Civil Procedure 56(d).

### FINDINGS OF FACT

On or about May 20, 1985, Dawley and Gould entered into a written contract whereby the latter agreed to perform certain building services resulting in improvement of Dawley's real property, for Five Thousand Six Hundred ($5,600.00) Dollars. Dawley paid Gould the sums of Five Hundred ($500.00) Dollars upon the signing of the contract, Three Thousand ($3,000.00) Dollars on May 22, 1985, and One Thousand Three Hundred Fifty ($1,350.00) Dollars on June 14, 1985, for a total of Four Thousand Eight Hundred Fifty ($4,850.00) Dollars. Gould, thereafter, failed to perform in substantial part his obligations under the contract.

### ARGUMENTS

Dawley asserts Gould's actions in failing to use the funds paid him for the specific purpose of improving Dawley's land was violative of certain fiduciary duties allegedly owed the landowner pursuant to New York Lien Law §§ 71.2, 71.4, and 72 (McKinney 1966).

Gould argues that no trust relationship existed between the parties, and that the cited statutes establish such a relationship only between the general contractor and the holders of those claims set forth in § 71.2(a)–(e) of the New York Lien Law.

### DISCUSSION

The sole issue is whether Dawley, as the owner of the real property and the source of the trust funds herein, is a protected beneficiary under Article 3–A of the New York Lien Law (§ 70–§ 79–a), so that Gould is properly chargeable with defalca-

tion of funds when such funds are not applied to the completion of a real property improvement contract.

§ 71.2(a)–(e) sets forth the expenditures for which a contractor or subcontractor is deemed to be a trustee; subsection 4. therein designates holders of claims for such amounts as the "beneficiaries" of the trust funds. The advancement of sums to a contractor by a real property owner pursuant to the terms of a contract is not one of the expenditures enumerated in § 71 of the New York Lien Law.

■ The Court has previously recognized that the provisions of Article 3–A of the New York Lien Law create an express statutory trust, and thus give rise to the fiduciary relationship essential for application of Code § 523(a)(4). *In re Grosso*, 9 B.R. 815, 820–21 (Bankr.N.D.N.Y.1981); *cf, Matter of Kawczynski*, 442 F.Supp. 413, 417 (W.D.N.Y.1977); *In re Morris Ketchum, Jr. and Asso.*, 409 F.Supp. 743, 744 (S.D.N.Y.1975) (cases construe the predecessor to Code § 523(a)(4), § 17(a)(4) of the Bankruptcy Act of 1898). Additionally, it has been consistently held that Code § 523(a)(4) does not apply to those trusts *ex maleficio* equitably implied by law. *In re Johnson*, 691 F.2d 249, 252–53, (6th Cir 1982); *In re Pedrazzini*, 644 F.2d 756, 758–59 (9th Cir.1981); *Carey Lumber Co. v. Bell*, 615 F.2d 370, 374 (5th Cir.1980); *Matter of Angelle*, 610 F.2d 1335, 1338–39 (5th Cir.1980); *Central Hanover Bank & Trust Co. v. Herbst*, 93 F.2d 510, 511 (2d Cir.1937) (Hand, J.); *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333, 55 S.Ct. 151, 154, 79 L.Ed. 393, 397–98 (1934) (Cardozo, J.); *Chapman v. Forsyth*, 43 U.S. (2 How.) 202, 208, 11 L.Ed. 236 (1844). Further, the language of § 523(a)(4), "in a fiduciary capacity", specifically does not apply to constructive trusts implied by law from contracts. *In re Olson*, 9 B.R. 52, 55 (Bankr.E.D.Wis.1981); *Matter of Falk of Bethlehem*, 3 B.R. 266, 270 (Bankr. N.J.1980).

———

Consequently, Dawley's reliance upon *Matter of Kawczynski, supra,* is misplaced, for as that Court noted, "[t]he stat-ute [§ 70–§ 79–a New York Lien Law] imposes certain fiduciary duties on contractors in handling the funds, and requires that trust funds be used to pay subcontractors and suppliers before other business expenses are discharged." *id,* at 415. As the express trust provisions of the New York Lien Law are imposed upon contractors by the unambiguous language of the statute, so too does the same statute unambiguously set forth those parties deemed to be beneficiaries of the statutory trust. Even though it sits as a court of equity, the Court cannot expand the ambit of the New York Lien Law to encompass an obligation not afforded such protection by the New York State legislature.

> The policy proclaimed by our statute is to protect those whose skill, labor and materials made possible the performance of a construction contract and who in fact, creating the improvement actually gave rise to the owners' obligation to pay. The Legislature sought to assure that the funds received from an owner should "reach [their] ultimate destination—material and labor." *Aquilino v. United States,* 10 N.Y.2d 271, 278–79 [219 N.Y. S.2d 254, 176 N.E.2d 826] (1961) *quoting* 1942 Report of Law Rev.Comm., pp. 298–300; N.Y.Legis.Doc., 1942, No. 65[H], pp. 2830.

■ Hence, as a matter of law, Dawley is not entitled to summary judgment on that portion of his complaint pursuant to Code § 523(a)(4). This finding is consistent with the well-established principle that exceptions to discharge should be limited to those clearly expressed in the statute. *Gleason v. Thaw*, 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717, 719 (1915).

■ As for Dawley's claim pursuant to § 523(a)(2), it is evident that sufficient questions of fact remain which make summary judgment inappropriate thereon. Whether Gould's actions in accepting the sums from Dawley and thereafter failing to perform under the contract constituted false pretenses, false representations, or actual fraud are the proper subject of an evidentiary hearing.

As a consequence of the foregoing, it is ORDERED:

1. The motion of Clarence Dawley, insofar as it seeks summary judgment on the basis of Code § 523(a)(4), is DENIED, and the cause of action based thereon dismissed with prejudice.

2. The Clerk of the Bankruptcy Court shall set the balance of the matter on for trial insofar as a cause of action under Code § 523(a)(2) is alleged.