**In re James H. & Maxine E. GRIFFIN, Debtors.**

**Blanche W. PETERS, Plaintiff,**

v.

**James H. GRIFFIN, d/b/a Jim Griffin Home Improvement, Defendant.**

Bankruptcy No. 88–20124.
AP No. 89–2055.

United States Bankruptcy Court, W.D. New York.

March 2, 1990.

Anthony P. LaFay, Rochester, N.Y., for plaintiff.

Stefan Epstein, Rochester, N.Y., for defendant.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This matter is before the Court on the complaint of Blanche Peters objecting to the discharge of the debt owed her by James H. Griffin. James Griffin and Maxine Griffin filed a joint petition under Chapter 13 on January 29, 1988. Subsequently it was converted at a Chapter 7 on June 9, 1989. This Adversary Proceeding was brought by summons and complaint dated June 19, 1989 and named James Griffin d/b/a Jim Griffin Home Improvement as the sole defendant. Mrs. Griffin is not a party to this proceeding. Mrs. Peters alleged in her complaint that between November 10, 1987 and November 18, 1987 she advanced $10,000 to Mr. Griffin for home improvement work. She further alleges that no work was ever done, no materials were ever purchased and that after due demand Mr. Griffin refused to return the money advanced to him. Mrs. Peters requests that Mr. Griffin be denied a discharge as to the debt owed to her pursuant to § 523(a)(4).[1] The trial of this matter was held on November 9, 1989.

On November 10, 1987, Mrs. Peters and Mr. Griffin entered into a contract whereby Mr. Griffin agreed to make various repairs and renovations to Mrs. Peter's home and a studio adjacent to her home. Work was to begin on January 15, 1988. The total con-

---

1. Section 523(a)(4) states:
　(a) A discharge under section 727 ... of this title does not discharge an individual from any debt—

　(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny.

tract price was $17,000. Mr. Griffin asked for and received a deposit by check of $6,000. On November 18, 1987, Mr. Griffin requested and received another $4,000 from Mrs. Peters. Up to this time, no work had been done nor had any materials been purchased in connection with the work to be done. On December 15, 1987, the parties entered into a second contract. This contract apparently modified the first. The second or modified contract called for Mr. Griffin to furnish all labor and materials to make the repairs and renovations listed in the contract. The total contract price was indicated as $12,099 with a $10,-000 deposit.

Mr. Griffin filed a Chapter 13 petition on January 29, 1988. It is undisputed that Mr. Griffin never did any work on Mrs. Peters' home. Further, Mr. Griffin never purchased, supplied or delivered any materials to Mrs. Peters. Mr. Griffin may have placed an order for vinyl siding and paid $2000 toward it, but it never left the warehouse and the money deposited was applied against other outstanding bills Mr. Griffin had with the supplier. Mr. Griffin acknowledges he can not account for Mrs. Peters' $10,000 and at most $300 was spent on materials for Mrs. Peters. Mr. Griffin cashed the $4000 dollar check for cash and paid his personal bills with the cash. He deposited the $6000 check in his personal account and used that to pay his personal bills. He did not maintain a business account separate from his personal account. Mr. Griffin also admitted he never had an escrow account for client funds. Sometime either during or immediately after January, 1988, Mrs. Peters lost confidence in Mr. Griffin and was no longer willing to let him begin the work required under the contract. However, Mr. Griffin was at all times willing to go ahead with the work.

Prior to discussing the merits of Mrs. Peters' request that the debt owed to her should be excepted from discharge pursuant to § 523(a)(4), it should be noted that while Mrs. Peters' complaint specifically states it is brought pursuant to § 523(a)(4),

it could be inferred from the complaint that it also alleges an exception to discharge based on § 523(a)(2)(A) or even an objection to discharge based on § 727. It was clearly established at trial that Mr. Griffin was at all times willing to go forward with the work. However, Mrs. Peters would not let him go forward with it due to her loss of confidence in him. There has been no showing that the advances given to Mr. Griffin were obtained by him through the use of false pretense, false representations or fraud. 11 U.S.C. 523(a)(2). *See In re Cruickshank,* 63 B.R. 727 (Bkrtcy.W.D.N.Y.1986). Further, this Court orally ruled at the close of evidence that an objection to discharge based on § 727 could not be sustained by the evidence presented.

The only question left to be decided is whether Article 3–A of the N.Y. Lien Law §§ 70–79–a (Consol.1979 & Supp.1990) in effect at the time of the transaction between Mr. Griffin and Mrs. Peters required the separation of the funds received as a deposit into a trust account and if so, the consequences of failing to segregate the funds.

There is no question that as presently enacted that the Lien Law requires that money received by a contractor from an owner as an advance on a home improvement contract be placed in an escrow account. The money remains property of the owner and the recipient may only withdraw such sums as earned and as needed to purchase materials. Lien Law § 71–a (Consol.Supp.1989). However, the duties of Mr. Griffin must be assessed under the Lien Law as enacted on the date the transaction in question was entered into between the parties. *See People v. Granger,* 247 A.D. 899, 286 N.Y.S. 926 (2nd Dept. 1936); *Hernandez v. First Nat. Bank & Trust Co.,* 27 F.Supp. 874 (S.D.N.Y.1939).

The provisions of the Lien Law which specifically require the contractor to place funds advanced pursuant to a home improvement contract in an escrow account were not enacted at the time the transaction in question took place.[2] The Lien Law

---

**2.** The amendments or additions to the Lien Law which impose a fiduciary duty on a home im-

provement contractor in relation to an owner who advances funds pursuant to a home im-

as enacted in 1987 did require funds received by a home improvement contractor to be held in trust, but the owner who made the advance was not a person for whose benefit the trust was created. The statute was enacted to protect contractors, subcontractors, architects, engineers, surveyors, laborers and materialmen who participate in the improvement as well as specified taxes and expenses. *Caristo Const. Corp. v. Diners Financial Corp.*, 21 N.Y.2d 507, 289 N.Y.S.2d 175, 236 N.E.2d 461 (1968); *Teman Bros., Inc. v. New York Plumber's Specialties Co., Inc.*, 109 Misc.2d 197, 444 N.Y.S.2d 337 (1981); *Fentron Architectural Metals Corp. v. Solow*, 101 Misc.2d 393, 420 N.Y.S.2d 950 (1979). Therefore, Mrs. Peters is not a trust beneficiary and there is no presumption of fraud due to the diversion of funds received by Mr. Griffin. The debt owed to Mrs. Peters is dischargeable in bankruptcy.

Section 523(a)(4) excepts from discharge "... any debt ... for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny." It has previously been held in this Circuit that the express statutory trust created by Article 3–A of the New York Lien Law creates the type of fiduciary relationship contemplated within the § 523(a)(4) exception. *In re Gould*, 65 B.R. 87, 89 (Bkrtcy.N.D.N.Y.1986); *In re Grosso*, 9 B.R. 815, 820–21 (Bkrtcy.N.D.N.Y.1981); *In re Kawczynski*, 442 F.Supp. 413 (W.D.N.Y.1977) (construing almost identical section of the Bankruptcy Act, § 17(a)(4)); *In re Morris Ketchum, Jr. and Associates*, 409 F.Supp. 743 (S.D.N.Y.1975) (same).

This Court has previously held that a creditor of the debtor was not a beneficiary under the Article 3–A of the Lien Law and could not rely on Article 3–A of the lien law to have a debt held non-dischargeable because, based on the facts in that case, no trust was ever created. *See In re Gould*, 65 B.R. 87 (Bkrtcy.N.D.N.Y.1986). In this case, although a trust may have been created, Mrs. Peters is not a person for whom Mr. Griffin was required to hold funds in trust and act toward in a fiduciary capacity. "The advancement of sums to a contractor by a real property owner pursuant to the terms of a contract is not one of the expenditures enumerated in § 71 of the New York Lien Law." *In re Gould*, 65 B.R. 87, 89 (Bkrtcy.N.D.N.Y.1986). No fiduciary obligation at the time of contracting ran from Mr. Griffin to Mrs. Peters. Therefore, Mrs. Peters can not rely on the Lien Law to show fraud or defalcation while acting in a fiduciary capacity which would uphold an exception to discharge under 11 U.S.C. 523(a)(4).

It has long been held that the dischargeability provision of § 523(a)(4) as well as the term "fiduciary" within that section must be construed narrowly to protect the "... fundamental policy of assuring a debtor's fresh start." *In re Catalano*, 98 B.R. 168 (Bkrtcy.W.D.N.Y.1989). Within this frame work, it would be incorrect to expand the New York Lien Law to provide a fiduciary duty running from Mr. Griffin to Mrs. Peters. The debt is dischargeable. It is so Ordered.

---

provement contract became effective in 1988 and 1989. Home Improvement Contacts—Regulations, Violations and Penalty—Trust Assets, ch. 421, §§ 2–9 (Consol.1987) (effective March 1, 1988); General Business Law—Lien Law—Home Improvement Contracts, ch. 32 §§ 3–4 (Consol.1989) (effective April 6, 1989). The transaction in issue took place in November and December of 1987 prior to the effective dates of the such sections.