■ ATLAS BUILDING SYSTEMS, INC., Appellant, v CARMINE RENDE, JR., Defendant, and FRANK J. ESPOSITO, Respondent. [653 NYS2d 694] —In an action, *inter alia,* pursuant to Lien Law article 3-A, the plaintiff appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Westchester County (Wood, J.), entered December 18, 1995, as, after a nonjury trial, dismissed its second cause of action insofar as asserted against the defendant Frank J. Esposito, and (2) a judgment of the same court dated January 5, 1996, as was entered upon the order with regard to the defendant Frank J. Esposito.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified by adding thereto a provision severing the plaintiff's second cause of action insofar

as asserted against the defendant Frank J. Esposito; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, the provision of the order entered December 18, 1995, which dismissed the second cause of action insofar as asserted against the defendant Frank J. Esposito is vacated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith, including compliance with Lien Law § 77 (1) and CPLR article 9, and for entry of an appropriate judgment in accordance with CPLR 905.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff, Atlas Building Systems, Inc. (hereinafter Atlas), contracted with Cymbidium Development Corp. (hereinafter Cymbidium), the owner of a project known as The Cymbidium, to provide and install precast concrete slabs at the project site. The defendants, Carmine J. Rende, Jr., and Frank J. Esposito, were officers of Cymbidium. Cymbidium received a bank loan to fund the project. Among the parties paid from the bank loan for services in connection with the project was Rende and Esposito Consultants, Inc. (hereinafter the Consultants), for a $200,000 construction management fee. The actual day-to-day supervision of the construction was done by the defendant Carmine Rende, Jr.

Atlas did not receive full payment for its labor, services, and material. It asserts that the $200,000 payment to the Consultants constituted an improper diversion of trust assets pursuant to Lien Law article 3-A.

"[T]he primary purpose of [article 3-A of] the Lien Law is to ensure that 'those who have directly expended labor and materials to improve real property * * * at the direction of the owner or a general contractor' receive payment for the work actually performed" (*Canron Corp. v City of New York,* 89 NY2d 147, 154). Moreover, the officers and directors of a corporate trustee are under a duty to the beneficiaries of a trust administered by the corporation not to cause the corporation to misappropriate trust property and will be personally liable for participation in a breach of trust (*see, South Carolina Steel Corp. v Miller,* 170 AD2d 592, 595; *Fleck v Perla,* 40 AD2d 1069; *Schwadron v Freund,* 69 Misc 2d 342; *cf., In re Grosso,* 9 Bankr 815, 824-825).

The record in this case supports the conclusion that there was an improper diversion of trust assets. A contrary conclusion under the facts of this case would permit the owner-trustee and the trust's corporate officers to circumvent article 3-A of the Lien Law and defeat that statute's purpose such that the corporate officers would be permitted to retain trust assets at the expense of contractors, subcontractors, architects, engineers, surveyors, laborers, and materialmen whom the Lien Law is intended to protect.

Nevertheless, the proceedings herein suffer from procedural infirmities which preclude the granting of the relief sought by Atlas. Pursuant to Lien Law § 77 (1), an action under Lien Law article 3-A should be brought as a representative action for the benefit of all beneficiaries of the trust, and "the practice, pleadings, forms and procedure shall conform as nearly as may be to the practice, pleadings, forms and procedure in a class action as provided in article nine of the civil practice law and rules", with the proviso that the requirements of CPLR 901 (a) (1) may be waived at the direction of the court.

Although the record reflects that there has not been compliance with CPLR article 9, the action need not fail on that ground (*see, Tri-City Elec. Co. v People,* 96 AD2d 146, *affd* 63 NY2d 969; *Scriven v Maple Knoll Apts.,* 46 AD2d 210). The matter is remitted to the Supreme Court, Westchester County, so that notice can be provided to potential trust beneficiaries and an opportunity provided to them to come forward (*see, Scriven v Maple Knoll Apts., supra; Higgins-Kieffer, Inc. v State of New York,* 165 Misc 2d 425).

Inasmuch as the defendant Frank J. Esposito has admitted to a diversion of $200,000 in trust assets, if the amount of the trust beneficiaries' claims are not disputed, and the claims of all trust beneficiaries total less than $200,000, a new trial will not be required. If the claims of all trust beneficiaries exceed $200,000, a further trial will be appropriate if they seek to prove a diversion of more than $200,000 in trust assets. A further trial will also be required if there are disputed issues regarding the amount of the trust beneficiaries' claims. Finally, there should be compliance with all applicable provisions of CPLR article 9, including entry of a judgment which conforms to the requirements of CPLR 905. O'Brien, J. P., Joy, Friedmann and Florio, JJ., concur.