■ CECIL CALLENDER et al., Appellants, v SHIRELL AIR, INC., et al., Respondents, et al., Defendants. [723 NYS2d 388] —In an action, *inter alia*, to enforce a trust pursuant to Lien Law § 77, the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Scarpino, J.), entered June 28, 2000, as denied their motion for class action certification and dismissed their first and second causes of action seeking to recover the sums of $19,650 and $4,161, respectively, from the defendants Shirell Air, Inc., and Arik Aflalo.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiffs' motion for class action certification is granted, and their first and second causes of action are reinstated.

The parties agree that an action to enforce a trust pursuant to Lien Law § 77 must be brought as a class action (*see,* Lien Law § 77 [1]; *Atlas Bldg. Sys. v Rende,* 236 AD2d 494, 496). Thus, the instant action satisfies the criteria for class action certification set forth in CPLR 901 (a). CPLR 901 (a) (4) is satisfied because the plaintiffs, as the only members of the proposed class, can adequately protect the rights of all members of the class. The requirements of CPLR 901 (a) (2) and (3) are satisfied, since the plaintiffs allege similar claims and the respondents can point to no issues of law or fact which apply to one of the plaintiffs and not the other (*see, Cranesville Block Co. v Crisafulli,* 116 AD2d 882). Lien Law § 77 (1) specifically provides that the requirements of CPLR 901 (a) (1) may be waived (*see, Atlas Bldg. Sys. v Rende, supra*).

The court's denial of class action certification, and dismissal of the first and second causes of action, which, in effect, deprived the plaintiffs of a remedy, was an improvident exercise of discretion. Santucci, J. P., Altman, Goldstein and McGinity, JJ., concur.