■ BROOKLYN NAVY YARD DEVELOPMENT CORPORATION, Respondent, v J.M. DENNIS CONSTRUCTION CORP. et al., Appellants, et al., Defendant. [785 NYS2d 521]—

In an action, inter alia, pursuant to Lien Law article 3-A, the defendants J.M. Dennis Construction Corp., D.M. Jeffries Development Corp., J.D. Murray, Ltd., Jeffrey Wengroff, and Dennis Begley appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated April 11, 2003, as granted that branch of the plaintiff's motion which was for leave to enter judgment against them in the sum of $804,894.48 in the event they failed to post security for said sum by May 15, 2003, (2), as limited by their brief, from so much of a judgment of the same court entered May 20, 2003, as is in favor of the plaintiff and against them in the sum of $804,894.48, and (3) from an order of the same court dated October 23, 2003, which denied their motion for leave to renew and reargue.

Ordered that the appeal from the order dated April 11, 2003, is dismissed; and it is further,

Ordered that the appeal from so much of the order dated October 23, 2003, as denied that branch of the defendants' motion which was for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof which is in favor of the plaintiff and against the defendants D.M. Jeffries Development Corp. and J.D. Murray, Ltd.; as so modified, the judgment is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment in accordance with CPLR 905; and it is further,

Ordered that the order dated October 23, 2003, is affirmed insofar as reviewed; and it is further;

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order dated April 11, 2003, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

Lien Law § 77 (3) provides for the enforcement of trust claims.

Under Lien Law § 77 (3) (a) (v), a court may issue an order "requiring the trustee to give security to ensure the proper distribution of the trust assets, either during the pendency of the action or thereafter, or to furnish assurance therefor in any other manner, if it appears that there is danger that such assets or asset will be dissipated before judgment or diverted from trust purposes."

The Supreme Court properly directed the defendant contractor, J.M. Dennis Construction Corp., and its principals, the defendants Jeffrey Wengroff and Dennis Begley to post security in light of the plaintiff's showing that such relief was necessary to ensure the proper distribution of assets during the pendency of this action. Although Wengroff and Begley were also principals of the defendant entities J.M. Jeffries Development Corp. and J.D. Murray, Ltd., the Supreme Court erred in directing those entities to post security as they were not trustees under the Lien Law (*see* Lien Law § 70), and were not involved in the subject construction project.

Although an action to enforce a trust pursuant to Lien Law § 77 must be brought as a class action, the plaintiff's failure to comply with this provision was not fatal and can be cured (*see Atlas Bldg. Sys. v Rende,* 236 AD2d 494, 496 [1997]). Thus, we remit the matter to the Supreme Court, Kings County, for the entry of an appropriate amended judgment in accordance with CPLR 905 (*id.* at 496).

The Supreme Court properly denied that branch of the appellants' motion which was for leave to renew since they failed to offer a reasonable explanation for their failure to present the additional facts on the prior motion (*see Apicella v. Estate of Apicella,* 305 AD2d 622 [2003]; *Williams v Fitzsimmons,* 295 AD2d 342 [2002]).

The appellants' remaining contentions are without merit. Ritter, J.P., Crane, Cozier and Skelos, JJ., concur.