■ ADCO ELECTRICAL CORPORATION et al., Appellants, v BRIAN McMAHON et al., Respondents. [835 NYS2d 588]—

In an action, inter alia, pursuant to Lien Law article 3-A, the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated September 28, 2005, which granted the motion of the defendant Bruce Fahey, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint, and (2), as limited by their brief, from so much of an order of the same court dated January 12, 2006, as denied that branch of their motion which was for leave to renew.

Ordered that the order dated September 28, 2005 is reversed, on the law and in the exercise of discretion, and the motion of the defendant Bruce Fahey, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint is denied; and it is further,

Ordered that the plaintiffs' time to seek class certification pursuant to Lien Law § 77 (1) and CPLR article 9 is extended until 60 days after service upon them of a copy of this decision and order; and it is further,

Ordered that the appeal from the order dated January 12, 2006 is dismissed as academic in light of our determination on the appeal from the order dated September 28, 2005; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs payable by the respondents appearing separately and filing separate briefs.

In this action to enforce a Lien Law article 3-A trust, the defendant Bruce Fahey moved, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. He contended that the complaint should be dismissed because the plaintiffs failed to seek class certification as required by Lien Law § 77 (1). The plaintiffs opposed the motion, arguing that Fahey had not given the court advance notice of his intention to make the motion, as required by rule 24 of the Rules of the Commercial Division of the Supreme Court (22 NYCRR 202.70; hereinafter rule 24). The Supreme Court disregarded Fahey's failure to comply with rule 24 and granted his motion to dismiss the complaint.

We reject the plaintiffs' contention that the court should have denied the motion on the ground that Fahey failed to comply with rule 24. However, the court erred in granting Fahey's motion without affording the plaintiffs an opportunity to comply with Lien Law § 77 (1) by seeking class certification.

Although an action to enforce a trust pursuant to Lien Law

§ 77 must be brought as a class action, the failure to do so is not fatal, and may be cured (*see Brooklyn Navy Yard Dev. Corp. v J.M. Dennis Constr. Corp.,* 12 AD3d 630 [2004]; *Atlas Bldg. Sys. v Rende,* 236 AD2d 494 [1997]; *Tri-City Elec. Co. v People,* 96 AD2d 146 [1983], *affd* 63 NY2d 969 [1984]; *Scriven v Maple Knoll Apts.* 46 AD2d 210 [1974]; *Higgins-Kieffer, Inc. v State of New York,* 165 Misc 2d 425 [1995]). Accordingly, Fahey's motion should have been denied and the plaintiffs granted an extension of time to seek class certification pursuant to Lien Law § 77 (1) and CPLR article 9.

In light of our determination on the appeal from the order dated September 28, 2005, the appeal from the order dated January 12, 2006, denying that branch of the plaintiffs' motion which was for leave to renew, has been rendered academic. Schmidt, J.P., Santucci, Krausman and Balkin, JJ., concur.