[7 NYS3d 861]

ECD NY, Inc., on Behalf of Itself and on Behalf of All Persons Entitled to Share in the Funds Received by Britt Realty LLC and Another, in Connection with a Project Identified as 247-255 North 7th Street and 246-248 North 8th Street, Brooklyn, New York, Plaintiff, v Britt Realty, LLC, et al., Defendants.

Supreme Court, Kings County, February 24, 2015

### APPEARANCES OF COUNSEL

*Harrington Ocko & Monk LLP*, White Plains (*Michael R. Wood* of counsel), for plaintiff.

*Troutman Sanders LLP*, New York City (*Ian Michael Forshner* of counsel), for defendants.

### OPINION OF THE COURT

CAROLYN E. DEMAREST, J.

Plaintiff ECD NY, Inc. moves for an order (i) permitting its fourth and fifth causes of action set forth in the complaint to be maintained as a class action; (ii) defining the class as "all beneficiaries of the Lien Law Article 3-A trust funds received by Britt Realty, LLC and North 7-8 Investors, LLC in connection with the development project located at North 7th Street and North 8th Street, in Brooklyn, New York"; (iii) directing Britt and North 7-8 to provide a list of all Lien Law article 3-A trust beneficiaries to ECD; and (iv) determining the method of notice to the members of the class.

### Background

According to plaintiff's complaint, dated May 21, 2014, North 7-8 is the owner and developer of the project and Britt is the general contractor and/or construction manager. Defendant Bank Leumi USA (Leumi) is the construction lender for the project. On or about February 11, 2013, ECD entered into an agreement with North 7-8 and Britt in which ECD agreed to furnish excavation, sitework, foundation, and structural concrete work for the project. Plaintiff alleges that it performed all of its obligations pursuant to the agreement and that North 7-8 and Britt have breached the agreement by failing to pay ECD for all of the labor, materials, and equipment furnished by ECD for the project. On or about November 20, 2013, plaintiff filed a mechanic's lien, claiming the sum of $854,103 as the amount owed by Britt and North 7-8 to ECD. Plaintiff

states that Britt paid ECD $145,500 on or about January 20, 2013 such that the sum of $708,603 remains due and owing to ECD from Britt and North 7-8.

Barry McKenna, president of ECD, states in his affidavit that, during the course of the project, ECD would submit requisitions for payment to Britt and North 7-8. After approving the requisitions, Britt and North 7-8 would submit them to Leumi, and Leumi would advance funds to Britt and North 7-8. McKenna states that, although Britt and North 7-8 received advanced funds from Leumi, ECD would frequently receive only partial payments of the requisitions. McKenna claims that Britt and North 7-8 engaged other subcontractors and suppliers, which comprise a class of entities and individuals that furnished labor and materials to the defendants, and that ECD has identified at least one other subcontractor that is owed monies by Britt and North 7-8. ECD served a demand for a verified statement upon the defendants, pursuant to Lien Law § 76, and claims that defendants' response does not comply with the requirements set forth in Lien Law § 76 (4). Plaintiff seeks an order directing defendants to provide a list of all Lien Law article 3-A trust beneficiaries to ECD.

Plaintiff also seeks class action certification for purposes of its fourth and fifth causes of action. Plaintiff's fourth and fifth causes of action allege that the defendants received funds in connection with the project for labor, materials, and equipment furnished by contractors, subcontractors, and suppliers, which constitute trust assets under article 3-A of the Lien Law, and that the defendants diverted these trust assets. Plaintiff seeks an accounting of trust assets and a judgment against North 7-8, Britt, and the individual defendants that they are each a trustee of all trust assets received in connection with the project, and that they are liable to ECD and all other trust beneficiaries for all trust assets received, together with punitive damages in the amount of $2 million.

## Discussion

"Article 3-A of the Lien Law creates 'trust funds out of certain construction payments or funds to assure payment of subcontractors, suppliers, architects, engineers, laborers, as well as specified taxes and expenses of construction' " (*Aspro Mech. Contr. v Fleet Bank*, 1 NY3d 324, 328 [2004], quoting *Caristo Constr. Corp. v Diners Fin. Corp.*, 21 NY2d 507, 512 [1968]; *see also* Lien Law §§ 70, 71). New York courts have held that the

primary purpose of article 3-A is to ensure that those who have directly expended labor and materials to improve real property at the direction of an owner or general contractor receive payment for work performed (*see Aspro Mech. Contr.*, 1 NY3d at 328; *Matter of RLI Ins. Co., Sur. Div. v New York State Dept. of Labor*, 97 NY2d 256, 264 [2002]; *Canron Corp. v City of New York*, 89 NY2d 147, 155 [1996]). Section 70 (2) of the Lien Law provides that funds received by an owner in connection with each improvement constitute a separate trust and the owner is the trustee thereof. Further, "[a]ny transaction by which any trust asset is paid, transferred or applied for any purpose other than a purpose of the trust . . . before payment or discharge of all trust claims with respect to the trust, is a diversion of trust assets" (Lien Law § 72 [1]).

> "Pursuant to Lien Law § 77 (1), an action under Lien Law article 3-A should be brought as a representative action for the benefit of all beneficiaries of the trust, and 'the practice, pleadings, forms and procedure shall conform as nearly as may be to the practice, pleadings, forms and procedure in a class action as provided in article nine of the civil practice law and rules'" (*Atlas Bldg. Sys. v Rende*, 236 AD2d 494, 496 [2d Dept 1997], quoting Lien Law § 77 [1]).

However, this section also provides that the requirement of numerosity, pursuant to CPLR 901 (a) (1), may be waived at the discretion of the court (*see* Lien Law § 77 [1]). Plaintiff asserts that the class should be certified as "all beneficiaries of the Lien Law Article 3-A trust funds received by Britt Realty, LLC and North 7-8 Investors, LLC in connection with the development project located at North 7th Street and North 8th Street, in Brooklyn, New York." Plaintiff has stated that it has identified at least one other subcontractor that is owed payment by Britt and North 7-8 in connection with the project, but has not named this party.

Defendants argue that class action certification is not warranted because plaintiff has failed to satisfy the numerosity requirement of CPLR 901 (a) (1) and has failed to adduce any evidence of a class. Defendants assert that the numerosity requirement should not be waived because plaintiff has failed to identify any similarly situated parties. Defendants' argument must fail as absence of information regarding other potential members of a class is not fatal to an action under article 3-A of the Lien Law (*see Pinnacle Envtl. Corp. v MDB*

*Dev. Corp.*, 2013 NY Slip Op 32406[U], \*7-8 [Sup Ct, NY County 2013]). Presumably defendants' compliance with their obligations to disclose records under Lien Law § 76 will provide the information necessary to identify members of the proposed class.

Section 77 (1) of the Lien Law permits any party with a trust claim to bring an action to enforce the claim on behalf of all the potential beneficiaries (*see Fred Geller Elec., Inc. v Battery Park City Auth.*, 2002 NY Slip Op 50273[U] [Sup Ct, NY County 2002]). Maintaining this action as a class action is, in accordance with the intent of the Lien Law, superior to other available methods because it eliminates the risk of inconsistent determinations of the claims of the individual members of the class and avoids the unnecessary costs and delays of multiple lawsuits. The policy favoring class certification in cases like that herein is so strong in New York that the failure to comply with the requirements of CPLR article 9 is not fatal to certification, but may be cured upon notice to potential trust beneficiaries (*see Atlas Bldg. Sys. v Rende*, 236 AD2d 494 [2d Dept 1997]; *ADCO Elec. Corp. v McMahon*, 38 AD3d 805 [2d Dept 2007]; *Scriven v Maple Knoll Apts.*, 46 AD2d 210 [3d Dept 1974]).

Plaintiff has successfully established the prerequisites to class action certification in the context of Lien Law article 3-A other than numerosity, namely that (1) there are questions of law or fact common to the class which predominate over any questions affecting only individual members, (2) the claims or defenses of the representative party are typical of the claims or defenses of the class, and (3) the representative party will fairly and adequately protect the interests of the class (*see* CPLR 901 [a] [2], [3], [4]). As noted by the plaintiff, with respect to the question of commonality or predominance set forth in CPLR 901 (a) (2), the questions of law raised in this action are identical among potential class members, specifically, whether a trust was formed, whether trust funds were diverted, and whether the class members are beneficiaries of the trust. Defendants argue that plaintiff fails to establish the prerequisite of commonality because only plaintiff has filed a mechanic's lien against the project. This argument must fail because Lien Law § 71 (4) provides that there is no requirement that a beneficiary of trust assets file a valid lien or even have the right to file a lien as a condition precedent to application of Lien Law article 3-A (*see NY Professional Drywall of OC, Inc. v Rivergate Dev., LLC*, 100 AD3d 216, 219 [3d Dept 2012]).

With respect to the prerequisite of typicality set forth in CPLR 901 (a) (3), plaintiff's claims that it performed work on the premises constituting permanent improvements thereto, that the work was not paid for, and that the defendants diverted trust funds are virtually identical to the claims of potential class members. As for the prerequisite of adequacy of representation set forth in CPLR 901 (a) (4), plaintiff asserts that it will fairly and adequately protect the interests of the proposed class because its claim for damages, in the amount of $708,603, is substantial and because plaintiff has the same rights and interests as the other members of the class. Furthermore, if plaintiff's claim is successful, all creditors who establish valid trust claims will share pro rata in the trust funds which are recovered in this action (*see* Lien Law § 77 [8]).

Accordingly, the court finds that plaintiff's fourth and fifth causes of action may be maintained as a class action, and the class shall be deemed to consist of all beneficiaries of Lien Law article 3-A trust funds received by Britt Realty and North 7-8 in connection with the project located at North 7th Street and North 8th Street in Brooklyn, New York. Notice must be provided to potential trust fund beneficiaries and an opportunity provided to them to come forward (*see Atlas Bldg. Sys.*, 236 AD2d at 496).

Lien Law article 3-A also imposes duties upon trustees in the operation of the trust, such as the maintenance of books and records of the trust (*see Aspro Mech. Contr.*, 1 NY3d at 329; *see also* Lien Law § 75), which the trustee is required to make available to the beneficiaries (*see* Lien Law § 76). Plaintiff claims that, in response to its demand for a verified statement, defendants produced a response that did not comply with the guidelines of Lien Law § 76 (4) and that defendants did not keep records in the mandated form. Plaintiff seeks an order directing defendants North 7-8 and Britt to provide a full list of all Lien Law article 3-A beneficiaries to ECD. Lien Law § 75 (3) requires the article 3-A trustee to maintain books and records detailing the trust assets receivable, including the name and address of each person from whom trust funds are or will be receivable and the basis for such obligation, with the amount due and the date it is payable (Lien Law § 75 [3] [A]); the trust accounts payable, also including the details as specified in section 75 (3) (A) (Lien Law § 75 [3] [B]); the trust funds received (Lien Law § 75 [3] [C]); and the payments made with trust as-

sets (Lien Law § 75 [3] [D]). The record of payments made with trust assets must specify the name and address of each payee (Lien Law § 75 [3] [D] [1]), the date and place where each payment was made (Lien Law § 75 [3] [D] [2]), the amount of each payment (Lien Law § 75 [3] [D] [3]) and the nature of the trust claim being paid, i.e., whether payments were made for labor (Lien Law § 75 [3] [D] [4]). Failure to keep these records is presumptive evidence that trust funds were diverted (Lien Law § 75 [4]; *see also* Lien Law § 79-a [3]). Plaintiff has provided a copy of defendants' response, annexed as exhibit D to the affirmation of plaintiff's attorney, Michael R. Wood, which clearly does not conform to the requirements enumerated above. Accordingly, defendants are directed to furnish a complete verified statement of books and records to plaintiff within 15 days of this decision.

## Conclusion

Plaintiff's motion for class action certification of its fourth and fifth causes of action is granted. The class is defined as all beneficiaries of the Lien Law article 3-A trust funds received by Britt Realty, LLC and North 7-8 Investors, LLC in connection with the development project located at 247-255 North 7th Street and 246-248 North 8th Street, in Brooklyn, New York.