**Standard One Devs., Inc. v DCD Constr., LLC**

2024 NY Slip Op 33458(U)

October 1, 2024

Supreme Court, Kings County

Docket Number: Index No. 525702/2019

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : COMMERCIAL PART 8
------------------------------------------x
STANDARD ONE DEVELOPERS, INC.,

                    Plaintiff,

    - against -

DCD CONSTRUCTION, LLC, IGOR AKOPOV,
DENIS PORTAEV, EVGENY MAKARIN, ALEKSEI
KARPOV, STEPHAN VANUCCI, and JOHN DOES 1-100,

                    Defendants,

------------------------------------------x

PRESENT: HON. LEON RUCHELSMAN

Decision and order

Index No. 525702/2019

October 1, 2024

Motion Seq. #5, #6 & #7

    The plaintiff has moved seeking summary judgement pursuant to CPLR §3212 arguing there are no questions of fact they are entitled to relief for causes of action two through seven of the complaint. The defendants Aleksei Karpov and Evgeny Makarin have both cross-moved seeking summary judgement and for sanctions. The motions have been opposed respectively. Papers were submitted by the parties and arguments held. After reviewing all the arguments this court now makes the following determination.

    This lawsuit was commenced by the plaintiff, the general contractor at a construction site located at 327 20th Street in Kings County. On May 19, 2019 the plaintiff entered into a subcontractor agreement with defendant DCD Construction LLC for an amount of $2,029,891.27. The plaintiff forwarded to DCD $202,989.12 and by November 2019 had paid approximately $643,277.12. Prior to November 2019 DCD failed to respond to requests from plaintiff concerning the use of the funds already paid and by October 2019 DCD was terminated from the job. This

[*1]

lawsuit was filed and the complaint alleged causes of action for breach of contract and diversion of trust funds against each defendant. These motions have now been filed. Plaintiff asserts that they are statutory beneficiaries of a trust imposed pursuant to Article 3-A of the Lien Law. The defendants counter no class certification was ever obtained and consequently the plaintiff cannot secure any summary judgement of the trust diversion. In addition, the defendants argue the plaintiff has no standing t pursue trust funds. The individual defendants move seeking dismissal of any claims against them. As noted the motions are opposed.

## Conclusions of Law

Where the material facts at issue in a case are in dispute summary judgment cannot be granted (Zuckerman v. City of New York, 49 NYS2d 557, 427 NYS2d 595 [1980]). Generally, it is for the jury, the trier of fact to determine the legal cause of any injury, however, where only one conclusion may be drawn from the facts then the question of legal cause may be decided by the trial court as a matter of law (Marino v. Jamison, 189 AD3d 1021, 136 NYS3d 324 [2d Dept., 2021).

The first question that must be addressed is whether the plaintiff is a beneficiary of any trust. Pursuant to the Lien Law all funds paid to an owner, a contractor or a subcontractor for the

2

[* 2]

improvement of property constitute trust funds that are held by the party receiving them, the trustee, on behalf of the parties who provided labor and materials to the trustee (see, generally, Lien Law, §§70 to 79-a). As the court explained in Aquilino v. U.S., 10 NY2d 271, 219 NYS2d 254 [1961] "the only purpose for which the contractor may use the funds are trust purposes" (id).

Concerning the owner trust, in In re Griffin, 111 BR 42 [W.D.N.Y. 1990]) the court held an owner is not a beneficiary of any assets given to a contractor. Citing earlier authority the court explained that "the advancement of sums to a contractor by a real property owner pursuant to the terms of a contract is not one of the expenditures enumerated in §71 of the New York Lien Law" (id). However, in In re Dobrayel, 287 BR 3 [S.D.N.Y. 2002] the court declined to follow Griffin and concluded an owner is a beneficiary of an owner trust. The court explained that the trust created by the Lien Law were for the "benefit of the proper payees" which included owners although they are not specifically listed in the statute as a trust beneficiary. However, that decision, which held an owner the beneficiary of such trust, was based upon the specific fact that "if the contractor does not pay his subcontractors, workers and materialmen, ultimately it is the owner who must pay to avoid the subcontractors' liens on his property and who must, thereby, be the ultimate beneficiary of the statute" (id). There is no similar situation whereby the contractor is

3

[*3]

liable to any debts owed by the subcontractor. It is clear that a contractor will not be liable to those whom the subcontractor owes money since there is no privity between the contractor and those in contract with the subcontractor. In <u>Avon Electrical Supplies, Inc. v. W.K.T. Associates Inc.</u>, 297 AD2d 768, 747 NYS2d 575 [2d Dept., 2002] the court specifically held that sub-subcontractors "lack standing to bring [§71] actions because they had no contractual relationship with either the property owner or the general contractor and, as such, are not beneficiaries of [the owner or general contractor's] Lien Law trust" (id).

Turning to subcontractor trusts, pursuant to New York Lien Law §70(7) a subcontractor trust consists of any funds a subcontractor receives which the subcontractor holds in trust for those parties with whom it contracts including sub-subcontractors, materialmen or laborers. A beneficiary of such trusts are those owed money for the improvements to property. Only such beneficiaries maintain trust claims. There can be no dispute the contractor is not a beneficiary of any assets held by the subcontractor.

The plaintiff argues that the plaintiff is indeed a beneficiary of the 'trust' created when the plaintiff paid the defendant. The plaintiff asserts the plain language of Lien Law §70(7)(a) states that "the assets of the trust of which a subcontractor is trustee are the funds received by him...under the subcontract" which encompass the facts of this case. However, Lien

4

[* 4]

Law §71(2) specifically states that trust assets held by a contractor or subcontractor trustee "shall be applied for the following expenditures" including the payment of claims of "subcontractors, architects, engineers, surveyors, laborers and materialmen" (id). Thus, the language contained in Lien Law §70(7)(a) which states trust funds consist of funds "received by him" do not include funds paid directly from the contractor for work performed (or not performed) by the subcontractor. Rather, it only includes funds paid to the subcontractor which the subcontractor then owes to others. The beneficiaries of such trust are those owed money by the subcontractor.

Moreover, the posture of the claims in this case is unusual. The Lien Law has been enacted "to ensure that 'those who have directly expended labor and materials to improve real property...at the direction of the owner or a general contractor' receive payment for the work actually performed" (Atlas Building Systems Inc., v. Rende, 236 AD2d 494, 653 NYS2d 694 [2d Dept., 1997]). In this case the plaintiff seeks to recover funds already paid that were allegedly not utilized for the construction at hand. That request does not comport with the entire statutory scheme. Thus, the plaintiff is not a beneficiary of any trust assets and cannot seek the return of any such assets.

Furthermore, Lien Law §71(4) provides that "persons having claims for payment of amounts for which the trustee is authorized

5

[*5]

to use trust assets as provided in this section are beneficiaries of the trust" (id). Thus, a trust beneficiary of a subcontractor trust can only be a party to whom the subcontractor is obligated to pay "authorized" under the categories of payment in paragraphs (a) through (f) of Lien Law §71(2). The entire statutory scheme thus excludes a contractor seeking to recover funds already paid. The Lien Law simply does not provide any recourse to such a contractor. Indeed, the parties have not presented any case which permits the contractor to recover such trust assets. Of course breach of contract claims may exists, however, the contractor is foreclosed from pursuing such Lien Law claims.

Moreover, it is well settled that an action brought pursuant to Article 3-A of the Lien Law must be brought as a representative action for all beneficiaries of the trust (see, Atlas Building Systems Inc., v. Rende, 236 AD2d 494, 653 NYS2d 694 [2d Dept., 1997]). The caption of the complaint in this case states that the lawsuit is being brought by the plaintiff "on behalf of itself and behalf of all persons entitled to share in the trust funds received by the defendants pursuant to Lien Law Article 3-A in connection with the construction at 327 20th St., Brooklyn, New York" (see, Complaint, Caption [NYSCEF Doc. No. 1]). The complaint never mentions any other members of any class.

In Mike Building and Construction Inc., v. Just Homes LLC, 27 Misc3d 833, 901 NYS2d 458 [Supreme Court Kings County 2010] the

[* 6]

court held that where the plaintiff claims it is the only member of the class and therefore no certification is necessary, such certification may still be necessary if there is evidence payments were made to others and there may be other members of the class. The court further explained tha "the failure to obtain certification is not fatal to plaintiff's cause of action under article 3-A so long as it is cured" (id). Indeed, the court afforded the plaintiff sixty days in which to obtain class certification. The court concluded that "until such certification occurs and other members of the class are identified, it cannot be determined whether defendants actually diverted trust assets since, as noted, there is evidence of payments made to trust beneficiaries other than plaintiff which may exceed the total of trust assets received, including those held constructively" (id).

In this case the plaintiff does not share any other interests with any other entities that are owed money by the defendant. The plaintiff is not seeking payment for work performed, but rather it is seeking the return of funds for payments made where no work was performed. That is entirely different than the standard subcontractor trust and once again highlights the inapplicability of the trust to the facts of this case.

Therefore, based on the foregoing, the motion of the defendants seeking summary judgement dismissing all the Lien Law claims as to all defendants is granted. The plaintiff's motion

7

[* 7]

seeking summary judgement is consequently denied.

Any motion seeking to dismiss the breach of contract claim is denied.

Lastly, any request for sanctions is denied.

So ordered.

ENTER:

DATED: October 1, 2024
Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC

8